IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| MACIO P. TOOLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-1084 |
| ) | |
| WASHINGTON GROUP ) | |
| INTERNATIONAL, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This cause comes before the Court for Report and Recommendation on Plaintiff Macio Tooley's Motion for Remand (d/e 4). The matter is fully briefed and ripe for determination. After carefully considering the submissions of the parties pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Motion for Remand be DENIED.

I.  BACKGROUND

Plaintiff filed the pending Complaint on December 6, 2007 in the Circuit Court of Tazewell County, Illinois. Petition for Removal and Jury Demand (d/e 1) (Notice of Removal), Ex. A, Complaint. According to the Complaint, Plaintiff was injured while working at Caterpillar, Inc., when a crane collapsed and struck him.

Plaintiff alleges that Defendant had an agreement with Caterpillar to maintain and repair various mechanisms, including the crane that injured Plaintiff.  The Complaint alleged claims of breach of contract (Count I) and negligence (Count II) against the Defendant.  According to the Complaint, Plaintiff sustained injuries "including, but not limited to, traumatic brain injury, fractured left humerus and thoracic spine fractures, scalp and left scapula lacerations, nondisplaced skull fracture and open fracture of the left index finger" and has and will continue to suffer great physical pain and mental anguish as a result.  Complaint, p. 2. Additionally, the Complaint asserts that "Plaintiff has in the past and may in the future expend and become obligated to expend large sums of money" for medical bills and that Plaintiff "has in the past and may in the future be hindered, hampered and prevented from carrying on ordinary affairs and duties . . . ."  Id. Each count prayed damages in an amount in excess of $50,000.00, in compliance with 735 ILCS 5/2-604, which provides as follows: "in actions for injury to the person, no ad damnum may be pleaded except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed."

Defendant was served with the Complaint on January 10, 2008.  Motion for Remand, Ex. B.  On February 1, 2008, Defendant filed an Answer and a Motion to Dismiss Count I.  Memorandum of Law in Support of Defendant's Response to Plaintiff's Motion to Remand (d/e 7) (Defendant's Memorandum), Ex. A, p. 3-9.

On January 30, 2008, Defendant served Plaintiff with interrogatories and requests to produce which sought information relating to damages, among other things.  Id., Ex. A, p. 10-36.  The record reveals that Plaintiff signed the attestation on the interrogatories on March 21, 2008, although the Court notes that neither of the copies provided to the Court contain a certificate of service.  Id., Ex. C; Petition for Removal, Ex. C.  The Petition for Removal asserts that Plaintiff's responses were served on the Defendant on or about March 21, 2008.  Petition for Removal, p. 2, ¶ 4.  Plaintiff does not contest this assertion.

Plaintiff's discovery responses revealed that he had already incurred medical expenses in the amount of $272,269.84.  Petition for Removal, Ex. C, p. 13.  Defendant filed its Notice of Removal on April 7, 2008.  Plaintiff filed his Motion for Remand on May 6, 2008, asserting that the Notice of Removal was untimely under 28 U.S.C. § 1446(b).

## II.  ANALYSIS

Removal is proper in any action that could have originally been filed in federal court.  28 U.S.C. § 1441.  The federal rules establish the following procedure for removal:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

Defendant's Notice of Removal asserts that this Court has diversity jurisdiction over the instant matter. Federal diversity jurisdiction exists when the parties are diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. The Seventh Circuit mandates "that a party that chooses federal court set out the basis of federal jurisdiction and prove any contested factual allegation." Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 540 (2006). When the complaint at issue lacks an ad damnum sufficient to establish the requisite amount in controversy, a removing defendant has the burden of establishing the size of the claim in some other way. Rising-Moore v. Red Roof Ins, Inc., 435 F.3d 813, 815-16 (7th Cir. 2006). The Seventh Circuit has suggested several ways in which this could be done, including contentions interrogatories or admissions in state court, calculation from the complaint's allegations, reference to the plaintiff's informal estimates or settlement demands, or affidavits from the defendant's employees or experts about how much it would

cost to satisfy the plaintiff's demands.  Meridian Sec. Ins. Co., 441 F.3d at 541-42 (citing cases).

According to Defendant, it ascertained that diversity jurisdiction existed when it received Plaintiff's March 21, 2008 discovery, which revealed the extent of Plaintiff's already-incurred medical bills.  Plaintiff, on the other hand, asserts that the existence of diversity jurisdiction was obvious from the face of the Complaint.  The Seventh Circuit has not addressed the degree of specificity of allegations necessary to establish the jurisdictional amount from the face of a complaint, and district courts in this circuit have reached varying conclusions on the issue.[1]  In McCoy v. General Motors Corp., a court in the Northern District of Illinois deemed it "obvious from a common-sense reading of the complaint that Plaintiffs were seeking in excess of $75,000 in damages" when Plaintiffs, who were minors, alleged that they suffered "lasting and permanent injuries," as well as "severe pain, emotional distress, disability, lost value and enjoyment of life, future loss of income, medical expenses, loss of normal life, disfigurement and paralysis." McCoy, 226 F.Supp.2d 939, 941 (N.D. Ill. 2002).  In Landacre v. Chantal, however, a court in the Southern District of Illinois deemed allegations that Plaintiff suffered "permanent injuries" and that he would be "disabled throughout his life" to be insufficient to establish the requisite amount in

---

[1] The out of circuit cases relied upon by Plaintiff are unpersuasive and involve allegations that were more concrete than those in the instant Complaint.  The Court, therefore, does not address them in its analysis.

controversy. <u>Landacre</u>, 2007 WL 2564080, *2, 4 (S.D. Ill. September 4, 2007).

The relevant allegations of the Complaint are that Plaintiff sustained injuries "including, but not limited to, traumatic brain injury, fractured left humerus and thoracic spine fractures, scalp and left scapula lacerations, nondisplaced skull fracture and open fracture of the left index finger." <u>Complaint</u>, p. 2.  Unlike <u>Landacre</u>, the Complaint in the instant case alleges significant injuries and describes them in some detail.  Significantly, however, the instant Complaint is devoid of allegations of permanent injury or disability.  The Complaint asserts only that "Plaintiff has in the past and <u>may in the future</u> expend and become obligated to expend large sums of money" for medical bills and that Plaintiff "has in the past and <u>may in the future</u> be hindered, hampered and prevented from carrying on ordinary affairs and duties . . . ." <u>Id</u>. (emphasis added).

The Court believes that a common-sense reading of the allegations of Plaintiff's Complaint does not establish the requisite jurisdictional amount to the required degree of certainty.  Defendant promptly served interrogatories in an attempt to gather evidence on the amount in controversy.  Defendant's approach using limited discovery to ascertain with clarity the amount in controversy was the correct methodology herein.  A large portion of the delay in removal can be attributed to Plaintiff's failure to timely respond to the proffered interrogatories. Defendant filed its notice of removal within thirty days of receipt of Plaintiff's responses, which established that Plaintiff had already incurred medical

expenses in excess of $75,000. Removal was timely under 28 U.S.C. § 1446(b).

## III. CONCLUSION

For all the above reasons, I recommend that Plaintiff Macio Tooley's Motion for Remand (d/e 4) be DENIED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1)(C). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986); Local Rule 72.2.

ENTER:   June 18, 2008

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE