# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| MACIO P. TOOLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-1084 |
| ) | |
| WASHINGTON GROUP ) | |
| INTERNATIONAL, ) | |
| ) | |
| Defendant. ) | |

## O P I N I O N  &  O R D E R

Before the Court is Plaintiff's Motion to Remand, filed on May 6, 2008 (Doc. 4). Defendant responded in opposition to the motion on May 19, 2008 (Doc. 6). On June 18, 2008, Magistrate Judge Cudmore issued a Report and Recommendation (R&R) which recommended the denial of Plaintiff's motion (Doc. 10). On June 27, 2008, Plaintiff filed objections to the R&R (Doc. 11), and on July 18, 2008, Defendant filed its response to those objections (Doc. 15).[1]

### BACKGROUND

This suit stems from a crane collapse alleged to have occurred on February 22, 2007. On that date, Plaintiff Macio Tooley, who was an employee of Caterpillar, Inc., was using a crane to move a battery, in the performance his job duties, when

---

[1] The late filing of Defendant's response to Plaintiff's objections will be excused. Defendant attempted to file a response on July 16, 2008, within the time set by the Court. However, the response was stricken by the Court on July 18, 2008 because it was not signed. Defendant promptly corrected its mistake and refiled on the same day.

the crane collapsed and struck him.  Plaintiff alleges to have sustained the following injuries as a result of the accident: "traumatic brain injury, fractured left humerus and thoracic spine fractures, scalp and left scapula lacerations, nondisplaced skull fracture and open fracture of the left index finger . . . ."  (Ex. A to 4/7/08 Removal Pet., Compl. ¶ 4).

On December 6, 2007, Plaintiff filed suit in the Circuit Court of Tazewell County, Illinois against Washington Group International ("Defendant").  In Count I of his Complaint, Plaintiff alleged that Defendant breached a contract with Caterpillar to maintain and repair the crane that Plaintiff was using at the time he sustained his injuries.  In Count II, Plaintiff set forth a negligence claim, realleging the facts stated in the first count.

Each count of the Complaint prayed damages in an amount "in excess of . . . $50,000."  (Compl. at pp. 3-4).  Plaintiff's recital of the $50,000 figure was in compliance with an Illinois statute that prohibits a personal-injury plaintiff from pleading an ad damnum "except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed."  See 735 Ill. Comp. Stat. 5/2-604.[2]  The Complaint further alleged that Plaintiff:

> has in the past and may in the future expend and become obligated to expend large sums of money for doctor bills, hospital bills and other bills for medical attention in an effort to be relieved of the effects of the various injuries he

---

[2] Illinois and other states, such as Indiana, have enacted statutes prohibiting, in varying degrees, statements in complaints which disclose the amount of money a plaintiff seeks.  The statutes were enacted to put an end to a tactic whereby plaintiffs would make exorbitant and unrealistic demands simply to generate publicity.  See Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 541 (7th Cir. 2006) (in dicta).

sustained and he has been hindered and prevented from attending to his usual business affairs with consequent losses and has in the past and may in the future be hindered, hampered and prevented from carrying on ordinary affairs and duties to the same extent and in the same manner as he was able to do prior to the injuries. (Compl. ¶ 4).

Defendant was served with the Complaint on January 10, 2008. (Ex. B to 4/7/08 Removal Pet.). On or about January 30, 2008, Defendant's counsel entered his appearance, answered the Complaint, and immediately served Plaintiff with interrogatories and requests to produce. The discovery requests sought, among other information, evidence of damages. (Def.'s 5/19/08 Resp. Mem. at pp. 1-2 & Ex. A).

On or about March 21, 2008, Defendant received answers to the interrogatories propounded upon Plaintiff. (4/7/08 Removal Pet.¶ 4; Ex. C to Def.'s 5/19/08 Resp. Mem.).[3] The answers reflected that Plaintiff's medical expenses had already amounted to $272,269.84. (Ex. C to Def.'s 5/19/08 Resp. Mem.). In response to this information, on April 7, 2008, Defendant filed a notice of removal in federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332 and § 1441.

On May 6, 2008, Plaintiff asked this Court to remand this case back to Illinois state court because the notice of removal was untimely filed. On June 18, 2008, Magistrate Judge Cudmore recommended a denial of Plaintiff's motion to remand and concluded that Defendant had timely filed the notice of removal. Plaintiff now objects to the Magistrate Judge's conclusion.

---

[3] Plaintiff's answers were overdue by nearly a month at the time Defendant received them. (Def.'s 5/19/08 Resp. at p. 2).

3

## STANDARD OF REVIEW

In reviewing the recommendations of a magistrate judge, a district judge must make a de novo determination of those portions of the recommendations to which objections have been made. 28 U.S.C. § 636(b)(1)(C). A district judge may accept, reject, or modify, in whole or in part, the findings made by the magistrate judge. Id. Here, Plaintiff has objected to the Magistrate Judge's conclusion. The Court's review is, therefore, de novo.

## ANALYSIS

Plaintiff's argument for remand is that Defendant's notice of removal was filed outside the time allowed by 28 U.S.C. § 1446. That statute details the procedure for removing to federal court an action originally filed in state court. It provides, in relevant part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

It is undisputed that Defendant was served with the Complaint on January 10, 2008. Plaintiff notes this fact and contends that § 1446(b) required Defendant to file its notice of removal in this Court within 30 days after that date. Plaintiff then notes, and Defendant does not dispute, that Defendant filed its notice of removal on April 7, 2008 – well outside the 30-day period after service of the Complaint.

Defendant's argument in opposition to remand is that the 30-day clock established by § 1446(b) did not begin to run until March 21, 2008 when Defendant claims to have first learned that Plaintiff would be seeking at least $272,269.84 in damages. Before that date, claims Defendant, it had no basis for filing a notice of removal because it was not clear that Plaintiff would be seeking in excess of $75,000 so as to satisfy the amount-in-controversy requirement of federal diversity jurisdiction. See 28 U.S.C. §§ 1332, 1441. In the language of § 1446(b), Defendant contends that "the case stated by the initial pleading [was] not removable." Defendant further claims that Plaintiff's March 21, 2008 responses to interrogatories constituted "other paper" by which Defendant first ascertained that the amount-in-controversy requirement was met.

In rebuttal, Plaintiff admits that the Complaint did not expressly pray for damages in excess of $75,000; rather, the Complaint requested damages "in an amount in excess of . . . $50,000." However, Plaintiff correctly points out that Illinois law required him to plead a vague ad damnum clause. See 735 Ill. Comp. Stat. 5/2-604. Plaintiff's core argument is that it was reasonably clear from the Complaint's description of his injuries that he would seek damages in excess of

5

$75,000. Therefore, the argument goes, Defendant was on notice, after receiving the Complaint on January 10, 2008, that the case was removable to federal court. According to Plaintiff's reasoning, the 30-day removal clock began to tick on that day.

The core determination that the Court must make, here, is the date that marked the start of the 30-day period in which Defendant was allowed to remove this case to federal court. This matter hinges on the viability of Defendant's argument that, in the language of § 1446(b), "the case stated by the [Complaint] was not removable." If Defendant is correct, the April 7, 2008 removal was timely because, under that scenario, the evidence before the Court would establish that Defendant first learned on March 21, 2008 that the amount in controversy exceeded $75,000. If Defendant's argument is incorrect, however, the removal was untimely because it would be clear, under that alternative scenario, that the removal period began on January 10, 2008 when Defendant received the Complaint

Where a defendant seeks to remove a state court case initiated by a complaint that includes an accurate and reliable ad damnum clause, the stated ad damnum is generally controlling for purposes of determining the amount in controversy  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938); Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 815 (7th Cir. 2006). In those clear-cut cases where the state court complaint includes a prayer for damages in excess of $75,000 and makes clear that the parties are of diverse citizenship, it is usually easy to determine that the 30-day window for removal to federal court

6

begins when the defendant receives the complaint.  See 28 U.S.C. § 1446(b).  In Illinois, however, the matter is complicated because Illinois law does not allow a personal-injury plaintiff to be specific in pleading an ad damnum clause.  See 735 Ill. Comp. Stat. 5/2-604.  Accordingly, when a personal-injury case is removed to federal court from an Illinois state court, the St. Paul standard, as a practical matter, does not work.  Rising-Moore, 435 F.3d at 815.  Such is the case here.

As Judge Cudmore noted in the R&R, the law is our Circuit is unclear as to what triggers the 30-day removal clock under 28 U.S.C. § 1446(b) in cases, like this one, where the state court complaint lacks a reliable ad damnum clause.  Some district judges in our Circuit have subscribed to a rule whereby the clock begins to tick at the defendant's receipt of the complaint, provided that a "reasonable and commonsense reading" of the alleged injuries indicates that the plaintiff is seeking over $75,000 in damages.  See, e.g., Morrow v. DaimlerChrysler Corp., 451 F. Supp.2d 965, 968 (N.D. Ill. 2006); see also Gallo v. Homelite Consumer Prod., 371 F. Supp.2d 943, 947-49 (N.D. Ill. 2005); McCoy v. General Motors Corp., 226 F. Supp.2d 939, 941-43 (N.D. Ill. 2002).  Other district judges have interpreted § 1446(b) to mean that the 30-day removal clock does not begin to run until a defendant is able to ascertain the amount in controversy more definitely.  See Landacre v. Chantal, 2007 WL 2564080, at *4 (S.D. Ill. Sept. 4, 2007) (commending defendants for waiting to remove a case until they acquired "competent proof" of the damages sought); see also Turner v. Goodyear Tire & Rubber Co., 252 F. Supp.2d 677, 680 (N.D. Ill. 2003) (advising against permitting removal when subject-matter

jurisdiction is only suspected); Kiddie Rides USA, Inc. v. Elektro-Mobiltechnik, 579 F. Supp. 1476, 1478-79 (C.D. Ill. 1984) ("the time period for seeking removal begins to run when the Defendant receives a pleading from which he can clearly ascertain that the action is removable.").[4]

Our Court of Appeals has held that a removing defendant bears the burden of proving, by a preponderance of evidence, that an action meets the minimum amount in controversy required for federal jurisdiction. Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 542 (7th Cir. 2006). This burden must be met at the moment of removal. Chase v. Shop N' Save Warehouse Foods, Inc., 110 F.3d 424, 428 (7th Cir. 1997); see also Lowery v. Alabama Power Co., 483 F.3d 1184, 1214 & n.66 (11th Cir. 2007) (a district judge is confined to the removal documents in determining whether the requirements for federal jurisdiction are met). In light of the defendant's evidentiary burden at the time of removal in cases like the one at bar, this Court concludes that the 30-day removal clock should not be triggered by the defendant's

---

[4] Until recently, the Northern District of Illinois had a local rule in place that ensured defendants that the 30-day removal clock would not begin to run until the defendant received discovery responses from the plaintiff, in the underlying state proceeding, that specified the damages sought. The rule was known at different points in time as both Local Civil Rule 3 and Local Rule 81.2. After the rule's enactment in 1997, certain judges in the Northern District expressed disagreement with it. See, e.g., McCoy, 226 F. Supp.2d at 941. In 2004, the Court of Appeals cast doubt on the rule's validity. See Rubel v. Pfizer Inc., 361 F.3d 1016, 1020 (7th Cir. 2004). Subsequently, the Northern District abandoned the rule because of its purported overly-broad nature and for other various reasons. See United States District Court, Northern District of Illinois, General Order 08-008, enacted March 13, 2008, available electronically at www.ilnd.uscourts.gov/LEGAL/CHGTORULES/08008.pdf (amending Local Rule 81.2 and striking text that provided a history of the rule and the reasons for its reconsideration).

mere receipt of a pleading that is ambiguous on its face as to whether over $75,000 in damages is sought.  See Sadowski, 441 F.3d at 542; see also Lowery, 483 F.3d at 1213-14; Landacre, 2007 WL 2564080, at *4.[5]

In this case, Plaintiff argues that it is crystal clear from the face of the Complaint that an amount over $75,000 is at issue.  The Court disagrees.  The Complaint lists allegations of severe injuries, but it is, nonetheless, facially ambiguous as to whether the damages sought would exceed $75,000.  This Court does not see how Defendant could have been expected to meet its burden of proving the existence of federal jurisdiction at the time of removal simply by pointing to the allegations in the Complaint.  See Sadowski, 441 F.3d at 542 (burden must be met by the presentation of admissible evidence); see also Lowery, 483 F.3d at 1210-11 (noting the awkwardness of applying the preponderance of evidence standard in the bare pleading context).  Further, allowing Defendant a period of only 30 days after receiving the Complaint in which to gather evidence as to the amount in controversy seems too tight a deadline.  This is especially true in light of Illinois Supreme Court Rule 213(d), which allows a litigant in Illinois State Court a period of 28 days in which to respond to an interrogatory.[6]

---

[5] The Eleventh Circuit Court of Appeals noted in Lowery that it was "highly questionable," in light of the evidentiary burden imposed upon the removing defendant in a diversity case where damages are unspecified, whether Rule 11 of the Federal Rules of Civil Procedure would ever allow the defendant to file a notice of removal that incorporates nothing more than an initial pleading silent as to the amount of damages sought.  Lowery, 483 F.3d at 1213 n.63.

[6] It is true that our Court of Appeals has suggested ways that a removing defendant may meet its burden other than by discovery in the underlying state court

If Plaintiff expected Defendant to make an independent calculation of the value of his claims, the Complaint should have been much more detailed.[7] Allegations of "traumatic brain injury, fractured left humerus and thoracic spine fractures, scalp and left scapula lacerations, nondisplaced skull fracture and open fracture of the left index finger" are, indeed, somewhat detailed when compared to the descriptions of injuries in some other complaints. Nonetheless, these allegations, alone, are not a sufficient basis from which Defendant could have been expected to accurately estimate Plaintiff's medical bills. Further clouding the picture, the Complaint does not specify whether the injuries are of a permanent nature.

Here, under 28 U.S.C. § 1446(b), "the case stated by the initial pleading" did not give Defendant adequate notice that the case was removable. After receiving the Complaint on January 10, 2008, Defendant promptly engaged in limited discovery in the underlying state court proceeding to acquire evidence of the amount in controversy. Defendant's March 21, 2008 receipt of Plaintiff's interrogatory responses constituted a receipt of "other paper" by which Defendant was first able

---

proceeding. See Sadowski, 441 F.3d at 541-42. However, in many cases, an interrogatory to the plaintiff, which requests a specification as to damages, will be the avenue that makes the most sense for the defendant. "Unlike the typical plaintiff who originally brings a diversity action in federal court, the removing defendant generally will have no direct knowledge of the value of the plaintiff's claims." Lowery, 483 F.3d at 1213 n.63.

[7] The Court of Appeals has suggested that a removing defendant may attempt to meet the burden of proving the jurisdictional minimum amount by making an independent calculation from the complaint's allegations. Sadowski, 441 F.3d at 541; Rubel, 361 F.3d at 1020.

10

to ascertain that the case was removable.[8] This Court agrees with Judge Cudmore's conclusion that Defendant took the correct approach in removing this case. Plaintiff's argument of untimely removal seems somewhat disingenuous in light of his own delay in responding to Defendant's interrogatories regarding damages.

## CONCLUSION

The Court ADOPTS the Report and Recommendation of the Magistrate Judge. Plaintiff's Motion to Remand is DENIED. This case is referred to Judge Cudmore for further pretrial proceedings.

ENTERED this 13th day of January, 2009.

s/ Joe B. McDade
JOE BILLY MCDADE
United States District Judge

---

[8] Plaintiff does not specifically contest Defendant's argument that the March 21, 2008 response to interrogatories constituted "other paper," as that term is used in 28 U.S.C. § 1446(b). Therefore, the Court considers the argument waived.