# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Macio P. Tooley, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-1084 |
| | ) | |
| **Washington Group International, Inc.**, | ) | |
| *and its successor in interest URS* | ) | |
| *Corporation*, | ) | |
| **Cleveland Tramrail**, *and its successor* | ) | |
| *in interest Gorbel, Inc., a/k/a Gorbel* | ) | |
| *International LLC*, | ) | |
| **Shepard Niles, Inc.**, *and its successor* | ) | |
| *in interest Konecranes, Inc., a/k/a* | ) | |
| *Koneamerica, Inc., f/k/a Konecranes* | ) | |
| *Landel, Inc., f/k/a Kranco Crane* | ) | |
| *Services, Inc.*, | ) | |
| | ) | |
| Defendants[1]. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

In this diversity case Plaintiff pursues claims for breach of contract, negligence and products liability arising from injuries he suffered while operating a crane on Caterpillar, Inc.'s premises. Plaintiff moves to strike

---

[1]The Court uses the same caption as in the amended complaint (d/e 22), though Defendants Gorbel and Konecranes assert that they have been misidentified.

certain affirmative defenses proffered by Defendants. (d/e's 40, 42, 45, 47, 59). For the reasons below the Court recommends that two of Plaintiff's motions be granted (d/e's 42, 45) and motions (d/e's 40, 47, 59) be denied.

## Background

Plaintiff filed this lawsuit on December 6, 2007 in the Circuit Court of Tazewell County, Illinois, against Washington Group International ("WGI"). WGI removed the case to federal court over Plaintiff's objections. *See* 1/13/09 Order (Judge McDade). Plaintiff then filed an Amended Complaint (d/e 22), adding two defendants and their alleged successors in interest.[2]

According to the Amended Complaint, Plaintiff was injured while working at Caterpillar, Inc., when a crane collapsed and struck him. Plaintiff alleges that WGI had a contract with Caterpillar to maintain the crane that injured Plaintiff. Plaintiff pursues claims against WGI and its successor, URS Corporation, for breach of that contract and for negligence. (d/e 22, Amended Complaint, counts I and II).

---

[2]The Court notes the Amended Complaint does not provide Konecranes, Inc.'s principal place of business, nor does it provide the states of incorporation or principal place of business for URS Corporation or Gorbel, Inc.

Plaintiff further alleges that Defendant Gorbel, Inc. ("Gorbel")[3] designed and manufactured the "Cleveland Tramrail ® patented track system" that "was part of a lifting system Plaintiff was using at the time he sustained his injuries." (d/e 22, Amended Complaint, ¶ 11). Plaintiff pursues a negligence/product liability claim against Gorbel. (d/e 22, Count III). Similarly, Plaintiff pursues a negligence/product liability claim against Konecranes, Inc. ("Konecranes")[4], which allegedly designed and manufactured the "hoist/crane lifting system." (d/e 22, Count IV). Defendants filed their Answers and Plaintiff's motions to strike followed.

## Legal Standard

Under Fed. Rule Civ. P. 12(f), the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." It is often remarked that ". . . the general rule [is] that motions to strike are disfavored. This is because motions to strike potentially serve only to delay." Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286,

---

[3]The Amended Complaint identifies Cleveland Tramrail as a corporation which was acquired by Gorbel, Inc., but Gorbel denies this. (d/e 22, amended complaint, para. 3).

[4]The amended complaint identifies Defendant Shepard Niles, Inc., as a corporation which was acquired by Konecranes, Inc. (d/e 22, Amended Complaint, para. 4). Konecranes, however, asserts that Shepard Niles is its trade name. (d/e 29, Konecranes' Answer, para. 4).

1294 (7th Cir. 1989). If the affirmative defenses are "sufficient as a matter of law" on their face, or "present questions of law or fact", they should not be stricken. Id. On the other hand, striking affirmative defenses that are insufficient on their face may "remove[s] unnecessary clutter from the case, . . . serv[ing] to expedite, not delay." Id.

"Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." Heller, 883 F.2d at 1294. Affirmative defenses thus must be set forth in "short and plain statement[s] . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Heller, 883 F.2d at 1294. Affirmative defenses that fail to meet Rule 8's requirements are properly stricken. "[B]are bones conclusory allegations" do not satisfy Rule 8 and are therefore "insufficient" under Rule 12(f). Heller, 883 F.2d at 1295; Reis Robotics USA, Inc. v. Concept Industries, Inc., 462 F.Supp.2d 897, 905-907 (N.D. Ill. 2006)("Merely stringing a long list of legal defenses is insufficient . . . .").

## Analysis

Konecranes has agreed to dismissal of its "reservation" affirmative defense (d/e 29, p. 9, ¶ 26), so the Court will recommend that Plaintiff's

motion to strike that defense be granted. (d/e 42). The arguments on that issue are moot.

I. **Affirmative Defense that Plaintiff's injuries were caused by others outside of Defendants' control**

Konecranes asserts defenses that "any injuries or damages plaintiff may have sustained, if any, were the direct and proximate result of the acts or omissions of others over whom defendant has no control." (d/e 29, ¶¶ 23-24). Gorbel asserts a similar defense. (d/e 33, p. 11, ¶ 7)("Plaintiff's injuries or damages, if any, were solely the result of conduct on the part of Plaintiff or others over whom Gorbel has and has had no control . . . .).

Plaintiff maintains that this defense is improperly pled because no information is provided about the identity of these responsible "others," what they did, or whether Defendants can seek contribution or indemnity from them. The defense, Plaintiff asserts, "is an attempt to make an 'end run' around FRCVP 18, 19, 20 and 21, specifically FRCVP 19(c)." (d/e 41, p. 2). "On the surface, it would appear that Plaintiff's employer, Caterpillar, Inc., and/or the person who was Plaintiff's supervisor . . . might be parties FRCVP 18, 19, 20 and 21 describe." Id.

Federal Rule of Civil Procedure 19 addresses joinder of required parties. Rule 19(c) provides:

**c) Pleading the Reasons for Nonjoinder.** When asserting a claim for relief, a party must state:

(1) the name, if known, of any person who is required to be joined if feasible but is not joined; and

(2) the reasons for not joining that person.

The Court does not understand Plaintiff's application of the joinder rules herein. If Defendants decide to pursue a third party action for indemnity or contribution, they would not seek joinder under the joinder rules—they would file a third party complaint against a third party defendant. *See* Fed. R. Civ. P. 14 (Third-Party Practice). If there are other parties potentially liable to Plaintiff for his injuries, the question would be whether *Plaintiff* could or should bring them into the case, not Defendants.

What Plaintiff seems to want is more information about who Defendants believe proximately caused Plaintiff's injuries and why, and, perhaps, who Defendants intend to sue in third party proceedings. The Court agrees with Defendants that it is too early to expect Defendants to provide this information. Defendants do not know at this point whether Caterpiller has waived its "*Kotecki*" lien and discovery has not illuminated

the details of the incident. See Kotecki v. Cyclops Welding Corp., 146 Ill.2d 155 (1991)(employer's liability on contribution claim limited to worker's compensation liability). It would be unfair to expect Defendants to provide more detail at this early stage. They do not have first hand knowledge of the incident like Plaintiff.

## II. Affirmative Defense that Plaintiff fails to state a claim and the Court lacks subject matter jurisdiction

Gorbel asserts in conclusory fashion the affirmative defenses of failure to state a claim, lack of subject matter jurisdiction and, apparently, lack of personal jurisdiction. (D/e 33, p. 10, paras. 1-2).

These conclusory defenses do not prejudice Plaintiff, but the Court agrees with Plaintiff that they are too "bare bones" and ought to be stricken without prejudice. See Reis Robotics USA Inc. V. Concept Industries, Inc., 462 F.Supp.2d 897 (N.D. Ill. 2006)(striking conclusory defense of failure to state a claim); Jackson v. Methodist Medical Center of Ill., 2007 WL 128001 (C.D.Ill. 2007, Judge Mihm)(striking bare failure to state claim defense)(not reported in F.Supp.2d); but cf. Lexington Ins. Co. v. Titan Intern., Inc., 2008 WL 687384 *1 (C.D. Ill. 2008, Judge Mills)(declining to strike defense of failure to state a claim)(not reported in F.Supp.2d).

Gorbel does not explain why Plaintiff fails to state a claim, or why subject matter jurisdiction or personal jurisdiction might be lacking.  Unlike the assumption of risk defense, no plausible inference arises from the pleadings to support these defenses.  Gorbel should have sufficient knowledge to flesh out these defenses with some factual basis.  The case cited by Plaintiff, <u>Jackson</u>, *supra*, is inapposite.  In <u>Jackson</u> the defendants asserted that jurisdiction was lacking to the extent the plaintiff's Title VII claims exceeded the scope of the EEOC charges.  2007 WL 128001 * 3.  That sufficiently explained the basis for the affirmative defense, unlike here.  If discovery uncovers that subject matter jurisdiction is lacking, an appropriate motion can be made at that time.

**III.     Affirmative Defense that Plaintiff assumed the risk of operating the crane**

Defendant WGI asserts the following defense in its Amended Answer to Count I (breach of contract):  "[T]his defendant, while denying that a contract existed between defendant and plaintiff, states that should a contractual relationship be found, plaintiff assumed the risk of operating said crane inherent in the contractual relationship and the circumstances presented by the evidence in this case which bars recovery."  (d/e 57,

Amended Answer, p. 4, ¶ 2). WGI repeats this defense for Count II (negligence). (d/e 57, Amended Answer, p. 6, ¶ 4).

Plaintiff asserts that this Court already struck this defense in WGI's original Answer, thus barring WGI from raising it again.[5] [6] It is true that this Court granted Plaintiff's unopposed motion to strike WGI's assumption of risk affirmative defenses in its original Answer. (4/17/09 text order.). However, WGI's motion for leave to file an amended answer was unopposed, and that Amended Answer sets forth a somewhat different assumption of risk defense. WGI's original defense did not mention the contract but was based solely on "the circumstances presented by the evidence in this case which bars recovery." (d/e 25, p. 4 ¶ 2, p. 6, ¶ 2). In contrast, the Amended Answer bases the assumption of risk defense on the purported contract. Thus, the striking of the original defense does not bar WGI from asserting the defense in its Amended Answer.

---

[5] Plaintiff asserts that res judicata bars the defense, but the Court believes that he means to refer to the "law of the case doctrine." Bethesda Lutheran Homes and Services, Inc. v. Born, 238 F.3d 853 (7th Cir. 2001)("res judicata . . . bars the same party from relitigating a case after final judgment, and the doctrine of law of the case . . . counsels adherence to earlier rulings in the same case.").

[6] Konecranes also asserts that Plaintiff's assumption of risk defense bars recovery, but Plaintiff has not move to strike it. (d/e 29, third affirmative defense). The Court accordingly makes no recommendation on Konecranes' defense.

Plaintiff argues that, under Illinois law, a party's assumption of risk can only reduce, not eliminate, a tortfeasor's liability, citing Coney v. J.L.G. Industries, Inc., 97 Ill.2d 104 (1983)(in strict liability/products claim, plaintiff's misuse of product/assumption of risk would reduce, not bar recovery).  WGI does not dispute this contention, but argues that Coney involved a strict product liability claim, not a contractual relationship.  WGI asserts that the "defense of assumption of risk is still recognized as a bar to recovery in employment and contractual relationships[]", citing Barrett v. Fritz, 42 Ill.2d 529 (d/e 62, p.2 ¶ 3).

Under Illinois law, assumption of risk in a contractual or employment relationship can be a complete defense to liability if that assumption is "express" or "primary implied."  Evans v. Lima Lima Flight Team, Inc., 373 Ill.App.3d 407, 418-419 (1st Dist. 2007); Ill. Pattern Jury Instr-Civ. 13.00 (Introduction on Assumption of Risk).  Express assumption of risk means that the plaintiff "explicitly agreed, in advance, to relieve another of a legal duty owed to him or her," such as in a written contract.  Id.  Primary implied assumption of risk means that the plaintiff understood and accepted the risk inherent in the task to be performed.  Id.; *see also* Karas v. Strevell, 227 Ill.2d 440, 454 (2008)("'What courts often call 'primary assumption of

risk' is actually a doctrine about the defendant's liability or duty'"), *quoting* Restatement (Third) of Torts: Apportionment of Liability § 2, Comment j, at 27 (2000).

WGI appears to be basing its assumption of risk defense on the alleged contract it purportedly breached. The Court believes that striking this defense would be premature. At this point, the alleged contract is not even in the record. Even if the contract was in the record, more facts might be needed to determine whether WGI's assumption of risk defense is viable. As discussed above, there is a basis in law for the defense. Whether the facts will support the defense is a question for a more developed record.

WHEREFORE, the Court RECOMMENDS that:

1) Plaintiff's unopposed motion to strike Konecrane's "reservations" defense be GRANTED (d/e 42).

2) Plaintiff's motions to strike Gorbel's defenses of failure to state a claim and lack of subject matter and personal jurisdiction be GRANTED (d/e 45).

3) Plaintiff's motion to strike WGI's defenses of assumption of risk be DENIED (d/e 59).

4) Plaintiff's motions to strike Gorbel's and Konecranes' affirmative defenses that others not in their control proximately caused Plaintiff's injuries be DENIED (d/e's 40, 47).

5) Plaintiff be directed that the missing averments be added into a corrected Second Amended Complaint as noted in footnote 2 *supra*.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). This section amended to 14 days, as of December 1, 2009, check. Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER: August 17, 2009

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE