## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Macio P. Tooley, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08-CV-1084 |
| | ) | |
| Washington Group International, | ) | |
| Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

In this diversity case Plaintiff pursues claims for breach of contract, negligence and product liability arising from injuries he suffered while operating a crane on Caterpillar, Inc.'s premises.  The case is before the Court on Plaintiff's motions to voluntarily dismiss counts III and IV of his Amended Complaint.

Counts III and IV are negligence/product liability claims against Defendants Gorbel, Inc. and Konecranes, Inc., respectively.  According to Plaintiffs, Defendant Shepard Niles, Inc. ("Shepard"), filed for chapter 11 bankruptcy in January 2002.  (d/e 72, ¶ 3).  As part of the bankruptcy

proceedings, Defendant Konecranes, Inc., purchased Shepard's "hoist business products" free and clear of Shepard's liabilities. (d/e 72, ¶ 3). Similarly, Defendant Gorbel, Inc., bought Shepard's "'Cleveland Tramrail'" business free and clear of Shepard's liabilities. (d/e 72, ¶ 4-5).[1] The purchases were approved by the bankruptcy court. (d/e 72, ¶ 6).

Plaintiff contends that the bankruptcy proceedings wiped out any potential liability of the defendants pursued in counts III and IV.[2] (d/e 72, p. 5). Plaintiff accordingly seeks to dismiss counts III and IV, leaving only counts I and II against Washington Group International, Inc., and its alleged successor URS Corporation. (d/e 71, p.2).[3] [4]

---

[1]Plaintiff attaches the asset purchase agreements, but the Court had not reviewed them. The Court accepts Plaintiff's characterizations for purposes of this recommendation.

[2]Gorbel, Inc., has moved for summary judgment, but has filed no objection to Plaintiff's motions for voluntary dismissal. (d/e's 81, 82).

[3]The caption in the Amended Complaint apparently does not correctly name several defendants. Since filing the Amended Complaint, Plaintiff has learned that Defendant Konecranes, Inc., should be identified as "Defendant Shepard Niles, a trade name employed by Konecranes, Inc., f/k/a Kranco Crane Services, Inc. (d/e 71, p. 1). Plaintiff has also learned that "Cleveland Tramrail" is not a separate entity, but instead a tradename for Shepard Niles, Inc., and a trademarked name of a monorail. (d/e 70, p.1). In any event, Plaintiff is clear that he seeks to voluntarily dismiss all the defendants except for Washington Group International, Inc., and URS Corporation.

[4]Defendant Washington Group International, Inc., admits that it was acquired by URS Corporation, but appears to deny that URS is liable. (Washington Group's Answer to Amended Complaint, d/e 25, para. 2). URS has not separately appeared in the case, and WGI's pleadings do not assert that they are also filed on behalf of URS.

WGI does not object to the dismissal.  The catch is that Plaintiff asks for more than dismissal.  In addition to dismissal, Plaintiff asks the District Court to "[p]reclude .... [the remaining defendants] from claiming, arguing, implying, or suggesting, in any way that . . . [the dismissed defendants] are joint tortfeasors and/or that the terms of the Illinois Joint Tortfeasor Contribution Act apply in any way to the [dismissed defendants] . . . under Counts I and II."  Plaintiffs also asks the Court to "preclude [the] remaining Defendants . . . from claiming, arguing, implying or suggesting in any way, that the terms of 735 ILCS 5/2-1117 apply, in any way, . . . ."  (d/e 70, ¶¶ 3-4).

Plaintiff requests this relief because he is concerned that WGI will try to limit its liability by asserting that these other defendants caused Plaintiff's injuries.  (d/e 77, p. 3; d/e 72, ¶ 14).  Plaintiff foresees that WGI may attempt to seek contribution against these defendants, or argue that WGI's liability is limited under 735 ILCS 5/2-1117 because it was less than 25% at fault.  This would be patently unfair, Plaintiff posits, since these defendants cannot be held liable because of the bankruptcy proceedings. Plaintiff also asserts that allowing WGI to pursue these strategies would

violate the Supremacy Clause by somehow frustrating the bankruptcy orders that relieve these defendants of liability. (d/e 77, ¶ 3).

WGI does not object to dismissal of counts III and IV, but does object to any limits on its defensive strategy. *See* <u>Nolan v. Weil McClain</u>, 233 Ill.2d 416 (2009)(example of case addressing sole proximate cause defense; defendant was entitled to introduce evidence of plaintiff's exposure to the asbestos products of non-parties)(case cited by WGI). Plaintiff contends that WGI's objections should not be considered because they were filed late, but that is a red herring. Dismissal under Fed. R. Civ. P. 41(a)(2) must be "on terms that the court considers proper." Even if no objections had been filed, the Court must reach its own conclusion that the dismissal is proper.

The Court agrees with WGI that Plaintiff's motions to voluntarily dismiss are not the proper way to request a ruling on the legal viability of WGI's defenses. Whether counts III and IV can be voluntarily dismissed has nothing to do with the legal viability of WGI's defense strategy.

Plaintiff's request should be denied on that basis alone–that the request is outside the scope of his motions for voluntary dismissal.[5]

Further, the relief Plaintiff seeks is premature. Plaintiff is asking the Court to rule now that any potential attempt by WGI to limit its liability based on the actions of these defendants fails as a matter of law. That question is not yet concretely presented, and may never be.[6] With the dismissal of counts III and IV, these defendants will not even be parties to the case. WGI has not brought them in as third party defendants, sought contribution from them, or asserted that they were the sole proximate cause of Plaintiff's injuries. WGI is entitled to investigate the cause(s) of Plaintiff's injuries. If WGI does try to reduce or eliminate its liability based on the actions of the defendants being dismissed, the question will then be ripe for answering upon appropriate motion.

In sum, Plaintiff's request is outside the scope of his motions for voluntary dismissal and is premature. The Court therefore recommends

---

[5]Plaintiff's request is akin to a motion in limine, or a motion to strike WGI's affirmative defenses invoking the 25% rule. Plaintiff already filed a motion to strike WGI's defense of assumption of risk, but did not ask in that motion to strike the 25% defense. (d/e 59); Fed. R. Civ. P. 12(g)(2)(in general, barring successive motions under Rule 12).

[6]Plaintiff admits that "it may be argued that Plaintiff is asking the Court to make a prohibited advisory ruling." (d/e 72, ¶ 13).

that the motions be granted only to the extent Plaintiff seeks dismissal of counts III and IV and dismissal of the defendants sued in those counts. The rest of the requested relief should be denied.  If this recommendation is accepted, Plaintiff's motions to strike the affirmative defenses of Gorbel, Inc., and Shepard Niles, Inc., would become moot (d/e's 40, 42, 45, 47), as well as Gorbel, Inc.'s motions for summary judgment (d/e's 81, 82).[7]  In light of this recommendation, the Court does not address the parties' arguments about the legal merits of Plaintiff's request.

WHEREFORE, the Court RECOMMENDS that Plaintiff's motions to voluntarily dismiss be GRANTED (d/e's 70, 71) only to the extent Plaintiff seeks to dismiss counts III and IV of his Amended Complaint.  The Court recommends dismissal, without prejudice, of counts III and IV of Plaintiff's Amended Complaint and dismissal of all the defendants **except** Defendants Washington Group International, Inc., and URS Corporation. The Court RECOMMENDS that Plaintiff's motions otherwise be denied.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within 14 days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1).  Failure to

---

[7]These motions appear to be duplicates.

timely object will constitute a waiver of objections on appeal.  Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See also Local Rule 72.2.

ENTER:    December 14, 2009

s/ Byron G. Cudmore
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE