**E-FILED**
Tuesday, 15 February, 2011  10:20:54 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| MACIO P. TOOLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.  08-cv-1084 |
| | ) |
| WASHINGTON GROUP | ) |
| INTERNATIONAL, INC., *and its* | ) |
| *successor in interest*, URS | ) |
| CORPORATION, | ) |
| | |
| Defendants. | |

## O R D E R  &  O P I N I O N

Before the Court is Plaintiff's Motion for Partial Summary Judgment (Doc. 116), filed on December 1, 2010.  On December 21, 2010, Defendant filed its Response to Plaintiff's Motion for Partial Summary Judgment (Doc. 117), and on January 4, 2011, Plaintiff filed his Reply (Doc. 118).  For the following reasons, Plaintiff's Motion is DENIED.

### PROCEDURAL HISTORY

On December 6, 2007, Plaintiff filed this suit in the Circuit Court of the Tenth Judicial Circuit, Tazewell County, Illinois, against Defendant Washington Group International.  (Doc. 1 Exh. A).  Defendant removed the case to federal court, and Plaintiff filed an Amended Complaint on February 20, 2009.  (Doc. 22).[1]  After

---

[1] Plaintiff added two defendants in his Amended Complaint (Doc. 22), however he subsequently moved for their voluntary dismissal (Docs. 70 & 71).  Upon the Report and Recommendation of Magistrate Judge Cudmore, the Court granted Plaintiff's

the Court ruled on various motions to strike and motions to dismiss, (Doc. 89), Plaintiff filed his Second Amended Complaint on January 27, 2010. (Doc. 90).

In his Second Amended Complaint Plaintiff alleges that Defendant is liable to him for injuries sustained when a crane and hoist he operated as an employee of Caterpillar, Inc., ("Caterpillar") collapsed and injured him. (Doc. 90). Plaintiff alleges that Defendant had an agreement with Caterpillar to "be responsible for inspections, preventive maintenance and repair maintenance" with respect to the crane and hoist at issue, and that Defendant's breach of its duty to do so resulted in the injuries he sustained. (Doc. 89 at 2-3). [2]

On February 12, 2010, Defendant filed its Answer to Plaintiff's Second Amended Complaint. (Doc. 96). In addition to denying any and all liability to Plaintiff, Defendant raised the affirmative defense that Plaintiff's own comparative fault was the cause of the injuries he sustained. (Doc. 96 at 3-4). Defendant alleges that Plaintiff was comparatively at fault in the following respects: 1) failure to exercise ordinary care for his own safety; 2) failure to keep and maintain a careful and proper lookout; 3) placing himself in a position of danger when he knew or should have known that it was not reasonably safe to do so; and 4) operating the crane when he knew it was unstable and therefore unsafe to do so. (Doc. 96 at 4). Plaintiff now seeks to have the Court determine that Plaintiff did not cause or

---

motions in part, and dismissed Plaintiff's claims against these defendants without prejudice. (Doc. 89 at 4-5).
[2] Although Defendant filed a Third Party Complaint against Caterpillar, (Doc. 86), it subsequently stipulated to the dismissal of its Third Party Complaint with prejudice. (Doc. 113). Accordingly, Caterpillar is no longer a party to this action.

contribute to his injuries as a matter of law, and to therefore enter Summary Judgment on his behalf with respect to Defendant's affirmative defense. (Doc. 116).

## FACTUAL BACKGROUND[3]

At the time of the relevant events, Plaintiff was employed by Caterpillar. (Doc. 90). On the night of February 22, 2007, Plaintiff was injured when an overhead crane that he was operating in the course of his employment failed and fell on him. (Doc. 116 at 2). Plaintiff had operated this overhead crane as part of his job duties two to three times per week for approximately three years. (Doc. 116 at 3). He had received training regarding the operation of this crane, as well as crane operation in general. (Doc. 116 at 2). In fact, he received updated training in crane and hoist operation every six months and was required to take tests concerning that training. (Doc. 116 at 2-3).

As part of this training, Plaintiff was instructed in the proper course of action if there were any suspected issues with a crane he was operating. (Doc. 117 at 4). The training dictated that employees should immediately stop using the equipment – one of Caterpillar's "golden rules of safety" is to never use a lifting device that appears worn or damaged – and either report the problem to a supervisor or directly notify maintenance. (Doc. 117 at 4). The training did not, however, instruct employees on how to avoid falling cranes, or on how to recognize an overhead crane that may be about to fall. (Doc. 116 at 3-4). Nevertheless, Defendant alleges that

---

[3] These background facts reflect the Court's determination of the undisputed facts, unless otherwise noted. Facts that are omitted are immaterial; if an included fact is immaterial to the Court's determination, this will be noted. As this is only a partial motion for summary judgment, the facts are limited to those relevant to Plaintiff's alleged comparative fault.

Plaintiff knew that cranes had the potential to collapse and seriously injure or kill someone. (Doc. 117 at 4).[4]

On the evening of the crane's collapse, Plaintiff noticed that there was something unusual in the way the crane was operating. (Doc. 116 at 3). Plaintiff felt that the crane was unstable and was shaking. (Doc. 117 at 4). Although this was the first time Plaintiff had ever noticed the crane shaking or vibrating, he felt that it was not safe and went to report it to his supervisor, Nancy Flores, as he had been trained to do. (Doc. 116 at 3; 117 at 4). What happened next is disputed by the parties. According to Plaintiff, Ms. Flores asked him to show her the problem. (Doc. 117 at 5). According to Defendant, Plaintiff volunteered to put a battery on the crane in order to demonstrate how the crane was acting. (Doc. 117 at 5). What is undisputed is that Plaintiff subsequently operated the crane and it collapsed. This was the first time such a collapse had occurred in over 35 years. (Doc. 116 at 3).

## LEGAL STANDARD

Summary judgment should be granted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. In ruling on a motion for summary judgment,

---

[4] Plaintiff disputes this allegation, arguing that there "is no indication Plaintiff knew or should have known that such a remote possibility would occur." (Doc. 118 at 1). However, in his deposition, Plaintiff stated that he knew cranes were dangerous, had the potential to collapse, and had the potential to kill or seriously injure someone while he was working at Caterpillar, especially on the night of the incident. (Doc. 117 at 7). This is more than adequate support for Defendant's allegation.

the court must view the evidence on record in the light most favorable to the non-moving party. *SMS Demag Aktiengesellschaft v. Material Sciences Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). All inferences drawn from the facts must be construed in favor of the non-movant; however, the court is not required to draw every conceivable inference from the record. *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). The court draws only reasonable inferences. *Id.*

It is not the court's function to scour the record in search of evidence to defeat a motion for summary judgment. Instead, the court relies on the non-moving party to identify the evidence which creates an issue of triable fact. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) (*quoting Greer v. Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir. 2001). If the evidence on record could not lead a reasonable jury to find for the non-movant, then no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *McClendon v. Indiana Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997). At the summary judgment stage, however, the "court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts," such matters must be left for the jury. *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007).

"The issue of contributory negligence is ordinarily not susceptible to summary adjudication and generally should be resolved in the ordinary matter at trial." *Trotter v. Anderson*, 417 F.2d 1191, 1192 (7th Cir. 1969); *see also Marynczak v. D&L Transport Co.*, 418 N.E.2d 972, 978 (Ill. App. Ct. 1981) ("Questions of negligence and contributory negligence are ordinarily and preeminently questions

for the jury to determine.")[5] Accordingly, negligence cases are rarely appropriate for summary judgment. *See Thakore v. Universal Machine Co. of Pottstown, Inc.*, 2008 WL 4066518, at *4 (N.D. Ill. Aug. 28, 2008).

**DISCUSSION**

Based upon the record before it, the Court cannot determine that there are no genuine issues of material fact, or that Plaintiff was not comparatively at fault as a matter of law. As previously discussed, Defendant's affirmative defenses allege that Plaintiff was comparatively at fault due to his 1) failure to exercise ordinary care for his own safety; 2) failure to keep and maintain a careful and proper lookout; 3) placing himself in a position of danger when he knew or should have known that it was not reasonably safe to do so; and 4) operating the crane when he knew it was unstable and therefore unsafe to do so. (Doc. 96).

Material issues of fact exist regarding whether Plaintiff was aware of the danger posed by the crane, whether he believed the crane to be unsafe, and whether he voluntarily operated the crane after noticing that it was acting strangely, or did so at the behest of his supervisor.[6] In his deposition testimony, Plaintiff stated that he believed the crane to be unsafe, and that he was aware that it had the potential to collapse. (Doc. 117 at 7). Plaintiff now argues that the Court may not consider this testimony because it is an inadmissible opinion of a lay witness, and that a "lay witness opinion of whether something is 'safe' or 'unsafe' does not help to

---

[5] The parties agree that Illinois law governs this case. (Doc. 117 at 3).
[6] Defendant argues that even if Plaintiff was acting under orders from his supervisor when he operated the crane on the night of its collapse, he may still be comparatively at fault as he could have refused to do so. The Court need not determine this issue as Defendant is not moving for summary judgment.

6

understand the Plaintiff's testimony nor does it help to determine any fact in issue in this matter." (Doc. 118 at 3-4). The Court disagrees. Whether or not Plaintiff is an expert in the safety of cranes, if he believed the crane to be unsafe at the time he used it, this certainly may be considered by a jury in its determination of whether he exercised ordinary care for his own safety.[7]

Moreover, whether Plaintiff was aware of the fact that the crane could collapse is relevant to whether his injury was a foreseeable result of his actions. Plaintiff's argument for summary judgment hinges on the facts that no crane had collapsed at Caterpillar in over thirty-five years and that employees were not trained as to the fact that a crane could collapse, to argue that Plaintiff could not, as a matter of law, have had knowledge that the crane could collapse and therefore was not negligent in operating it to demonstrate its erratic behavior to his supervisor. However, Plaintiff's own testimony creates a genuine issue of fact as to whether the crane's collapse was a reasonably foreseeable event, and accordingly whether he may have been comparatively at fault for his injuries.

Plaintiff also argues that even if he was negligent in operating the crane, his negligence was not the legal, or proximate, cause of his injury. Plaintiff refers the Court to the Illinois case of *Testa v. Kaluzny Brothers, Inc.*, 320 N.E.2d 114, 118 (Ill. App. Ct. 1974) for the proposition that "want of care will not bar a plaintiff's recovery unless his injury results from the particular risk or hazard to which his

---

[7] Plaintiff also argues that his deposition is not clear as to what he meant by the term "unsafe" and that therefore it cannot be used due to lack of foundation. Clearly, Plaintiff can testify at trial and there establish what he really meant by the use of this term. Accordingly, Plaintiff's own argument exemplifies why summary judgment (which it has moved for) is inappropriate.

conduct has exposed him." In *Testa*, the plaintiff had been injured when a forklift upon which he was riding collapsed. *Id.* The Illinois Appellate Court held that although the plaintiff was negligent in standing on the forklift with a heavy iron bar, his injury was not the result of the danger to which he exposed himself, and that nothing he did caused the forklift to collapse. *Id.* Here, however, construing the facts in a light most favorable to the non-moving party, Plaintiff decided to operate an overhead crane which had been shaking and unstable, and which he knew had the potential to collapse. The Court cannot conclude as a matter of law that this decision to operate the crane was not a proximate cause of the crane's collapse and Plaintiff's resulting injuries.

## CONCLUSION

For the foregoing reasons, Plaintiff's Partial Motion for Summary Judgment is DENIED. Material issues of fact exist which must be resolved by a jury, and the Court cannot determine that Plaintiff was not comparatively at fault for his injuries as a matter of law. This action remains set for Final Pretrial Conference on March 18, 2011 and for Jury Trial on April 11, 2011. IT IS SO ORDERED.

Entered this <u>14th</u> day of February, 2011.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
