E-FILED
Thursday, 07 April, 2011 02:32:35 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

MACIO P. TOOLEY, )
        Plaintiff, )
        v. )
        ) Case No. 08-cv-1084
WASHINGTON GROUP )
INTERNATIONAL, INC., )
        Defendant. )

## ORDER & OPINION

Before the Court is Defendant's Motion *in Limine/Daubert* Motion to Limit Expert Testimony (Doc. 126) and Memorandum in Support (Doc. 127), as well as Plaintiff's Response (Doc. 151). Defendant seeks to exclude a portion of Richard Little, Plaintiff's Expert Witness's, testimony. Little's proffered testimony includes three conclusions: 1) The collapse occurred when the roll pin, supporting the stripped load nut, fractured; 2) the evidence indicated the process which led to the failure occurred over time; and 3) the inspection manner and methods utilized were defective in that they were insufficient to detect the impending failure before the collapse occurred. (Doc. 127-1 at 13). Defendant seeks to exclude all of Conclusion #3, and opinions related thereto, as well as a portion of Little's Conclusion #2, namely that the nut at issue moved in a downward direction over time without rotating.

I.   Conclusion # 3

Defendant does not dispute that Little is an expert in metallurgy and that he is qualified as an expert to render both Conclusion #1 and #2. However, Defendant claims that Little is not an expert in crane inspection and therefore is unqualified to render an opinion as to the proper methods by which the subject crane should have been inspected. Specifically, Defendant points to the facts that Little has no experience designing, manufacturing, maintaining, or inspecting an overhead crane. (Doc. 127 at 7).[1] Nor has he ever trained inspectors, developed forms for inspections, set out procedures for inspections, or developed standards for crane inspectors. (Doc. 127 at 7). Accordingly, Defendant argues that Little does not have "special knowledge, experience, or training" sufficient to qualify him as an expert in crane inspections pursuant to Federal Rule of Evidence 702.

"District courts must ensure that expert opinion testimony is in fact *expert opinion* (that is, an opinion informed by the witness' expertise) rather than simply an opinion broached by a purported expert." *O'Conner v. Commonwealth Edison Co.*, 807 F.Supp. 1376, 1390 (C.D. Ill. 1992) (emphasis added). Plaintiff argues that Little is, in fact, qualified as an expert with regards to the inspection of cranes based upon the fact that he is a licensed engineer. (Doc. 151 at 9). According to Plaintiff, Little's license qualifies him perform "consultation on, conception, investigation, evaluation, planning, and design of, and selection of materials to be used in, administration of construction contracts for, or site observation of, an

---

[1] Little testified that he does not consider himself an expert in the maintenance, manufacture, or design of a crane. (Doc. 127-2 at 19). He did testify that he believed himself to be an expert in the inspection of a crane, but only due to his experience in this litigation. (Doc. 127-2 at 19-20).

engineering system or facility, where such consultation, conception, investigation, evaluation, planning, design, selection, administration, or observation requires extensive knowledge of engineering laws" (Doc. 151 at 9 (*quoting* 225 ILCS 325/4(o)); as well as to opine on corrective action plans. (*Id.* (*quoting* 225 ILCS 325/4(w)). Moreover, Plaintiff states that Little's lack of experience concerning cranes goes only to the weight of his testimony, as opposed to its admissibility.

The Court disagrees. Although Little is qualified to testify to the metallurgical properties of the crane support system which failed in this case, he is not qualified to opine, as an expert, on what inspection methods would have prevented the failure from occurring. As Little acknowledged, he has no significant experience in the manufacture, design, or maintenance of cranes. (Doc. 127-2 at 19). Nor does Plaintiff point to any such experience that Little may or may not have had with other heavy lifting devices. Therefore, prior to his investigation of this accident, Little would not have been able to give any opinion on what inspection techniques should be performed in order to avoid crane failure. Instead, Little's conclusion that the inspection methods utilized here were insufficient is based upon an extrapolation from his first two conclusions that the crane collapsed because of the failure of a hanger nut, and that this failure occurred over time. This third conclusion is merely a cause-and-effect analysis having nothing to do with Little's expertise. Little could only testify to this as a layman, and the jury would be prejudiced by hearing this lay opinion of an expert.[2] Accordingly, Defendant's

---

[2] Plaintiff implicitly acknowledges the fact that this is a cause-and-effect conclusion, not based upon "expert" opinion in its Response where Plaintiff states: "These feasible, simple steps are *borderline common sense.*" (Doc. 151 at 11).

3

Motion to bar Little's Conclusion #3, and all opinions relating thereto, is GRANTED.

II. Conclusion #2

In addition to excluding Little's testimony regarding proper inspection methods, Defendant also seeks to bar his opinion that a "nut could move in a downward direction over time *without rotating*." (Doc. 127 at 15) (emphasis added). While Defendant does not argue that Little is not qualified as an expert to give such an opinion, it states that his opinion is not grounded in scientifically valid principles or supported by objective, verifiable evidence. (Doc. 127 at 16). Defendant argues that this component of Little's overall opinion that the failure occurred over time was result-oriented, with a goal towards imposing liability upon Defendant. (Doc. 127 at 16). Defendant points to the deposition of its own expert, Brad Closson, for the proposition that it is physically impossible for a nut with at least one thread intact to ever move vertically down a rod without rotating. (Doc. 127 at 16).[3]

It is unclear whether Defendant is objecting to Little's entire testimony that the nut moved vertically downward over time, or whether it is simply objecting to the testimony that it could move in a downward direction *without rotating*. To the extent it is seeking to bar Little's entire testimony, it fails to account for the fact that Little points to objective evidence of the nut's movement – i.e., dust gradations

---

[3] In its Response, Plaintiff points to evidence which may defeat Closson's testimony that it is physically impossible for a nut to descend vertically without rotating – which is the fact that the nut at issue had an interior diameter more than four one hundredths of an inch larger than the hanger rod. (Doc. 151 at 7). However, Little specifically stated in his deposition that the nut and rod at issue were a fit, and therefore he could not have been relying on such evidence to determine that the nut descended vertically without rotating. (Doc. 127-2 at 213-216).

4

at different points on the hanger rod, which Little noted showed various positions for the nut over time. (Doc. 127-2 at 91-92). Moreover, that the nut moved downwards without rotating does not appear to be what Little testified to. As Plaintiff states in its Response, "when [Defendant] states that Mr. Little testified 'the nut did not rotate down the rod' it, again, simply misreads, misstates, or misunderstands Mr. Little's testimony." (Doc. 151 at 8). While Little stated that the nut "won't tend to rotate," he also stated that "it could be partially stripped and work its way down a threaded connection just because of the – the sharp – the sharpness of the rod will tend to grab the nut as it works its way down." According to Plaintiff, Little indicated by this statement that the nut *rotated* vertically down the rod over time, a fact that would have been possible if Defendant inspectors did not properly tighten a set screw.

Even if Little's testimony does not indicate that the nut rotated down the rod, but that it dropped vertically over time, he should not be barred from giving his expert opinion on a matter for which he is qualified. The fact that Defendant's expert has a different opinion does not go to the admissibility of Little's statement, but rather to the credibility of each witness, which is to be determined by the jury. Therefore, Defendant's Motion to bar Little from testifying that the nut descended vertically over time is DENIED.

CONCLUSION

For the foregoing reasons, Defendant's Motion is GRANTED in part and DENIED in part. It is GRANTED to the extent that Little's Conclusion #3 and all opinions thereto are barred. It is DENIED to the extent that Little is allowed to

testify, as a component of his Conclusion #2, that the nut at issue descended vertically over time.

Entered this 7th day of April, 2011.

s/Joe B. McDade

_____
JOE BILLY McDADE
United States Senior District Judge